[Civ. No. 10440.   First Appellate District, Division Two.—September 17, 1937.]

CHARLES SMITH, Respondent, v. P. J. IBOS, Appellant.

552

Russell P. Tyler for Appellant.

Benjamin Margolis for Respondent.

GRAY, J., *pro tem.*—The trial before the jury resulted in a judgment in favor of appellant and against respondent. Thereafter appellant notified respondent of the entry of judgment and respondent served and filed notice of his intention to move for a new trial. This notice designated the grounds of the future motion as (1) insufficiency of the evidence to justify the verdict and that the verdict was against law and (2) error in law occurring at the trial and excepted to by the respondent, but failed to designate whether the motion would be made upon affidavits or the minutes of the court or both. In due course, respondent made a motion for a new trial to the consideration of which appellant objected upon the ground that the notice was insufficient to confer jurisdiction on the court to entertain the motion, since the notice by reason of its omission did not meet the requirements of section 659 of the Code of Civil Procedure. While the motion was under submission and on the twenty-fifth day after service of notice of entry of judgment, respondent served and filed a corrected notice of his intention to move for a new trial, which contained the designation previously omitted. Subsequently the court made its order granting a new trial, from which the present appeal is taken. In support thereof, appellant reiterates his claim that the original notice was insufficient and that the corrected notice came too late to supply the former's deficiency.

■ The right to move for a new trial is statutory and unless the procedure prescribed by sections 656 and following of the Code of Civil Procedure is followed, the right does not exist as against a party who insists upon strict compliance with those sections. (*Simpson* v. *Budd*, 91 Cal. 488 [27 Pac. 758]; *Burton* v. *Todd*, 68 Cal. 485 [9 Pac. 663]; *California Imp. Co.* v. *Baroteau*, 116 Cal. 136 [47 Pac. 1018].) These sections must be strictly construed in order that litigants may not lose their rights in the confusion which would arise from their uncertain interpretation. (*Prothero* v. *Superior Court*, 196 Cal. 439 [238 Pac. 357]; *Middleton* v. *Finney*, 214 Cal. 523 [6 Pac. (2d) 938].) ■ A notice of intention is essential to the court's jurisdiction to entertain the motion. (*Ransome-Crummey Co.* v. *Superior Court*, 188 Cal. 393 [205 Pac. 446].) The requirements of section 659 that the notice designate both the grounds upon which the motion will be made and whether it will be made upon affidavits or the minutes or both are mandatory. (*Breeze* v. *Southern Petro T. L. Co.*, 5 Cal. App. (2d) 507 [43 Pac. (2d) 584].) ■ The original notice was fatally defective in its failure to designate whether the motion would be made on affidavits or the minutes or both and therefore did not confer jurisdiction upon the court to entertain the motion subsequently made. (*Hill* v. *Beatty*, 61 Cal. 292; *Hughes* v. *Alsip*, 112 Cal. 587 [44 Pac. 1027]; *Melvin* v. *Carl*, 206 Cal. 772 [276 Pac. 574].) ■ The service and filing of the corrected notice of intention after the expiration of the ten days allowed by section 659 could not cure such defect in substance so as to allow the court to entertain the motion. (*Little* v. *Jacks*, 67 Cal. 165 [7 Pac. 449]; *Cooney* v. *Furlong*, 66 Cal. 520 [6 Pac. 388]; *Parker* v. *Doray*, 98 Cal. 315 [33 Pac. 118]; *Union Collection Co.* v. *Oliver*, 162 Cal. 755 [124 Pac. 435]; *Strange* v. *Strange*, 23 Cal. App. 281 [137 Pac. 1104].)

■ To escape from these conclusions, respondent argues that, since, under section 658, as amended in 1915, a motion upon the grounds specified in his notice could only be made upon the minutes, the designation of such grounds as effectually advised appellant that the motion would be made upon the minutes as an express statement thereof would have done. For that reason, he further argues, the requirement of section 659 as to the designation of whether the

motion will be made upon affidavits or minutes or both may be ignored as superfluous and of no practical benefit to his opponent. The argument, in effect, seeks, under the guise of judicial construction, the elimination, as unnecessary, of an express requirement of the section. But a court is prohibited from such a construction as will omit a portion of a statute. (Code Civ. Proc., sec. 1858.) The power of the legislature is specifying procedural steps for new trials is exclusive and unlimited. (*Lancel* v. *Postlethwaite,* 172 Cal. 326 [156 Pac. 486] ; *Bates* v. *Ransome-Crummey Co.,* 42 Cal. App. 699 [184 Pac. 39].) The wisdom of or necessity for certain requirements are matters for legislative and not judicial consideration and the judiciary, in its interpretation of legislative enactments may not usurp the legislative function by substituting its own ideas for those expressed by the legislature. (23 Cal. Jur. 727.) The retention of the questioned requirement in the simultaneous amendments to both sections indicates that the legislature considered such requirement of practical value to litigants. ▆ Equally untenable is his further argument that he was entitled to amend his notice of intention after the expiration of the statutory time limit because it erroneously assumes that the original notice was not fatally defective.

The order granting a new trial is reversed with instructions either to deny the motion for a new trial or dismiss the proceedings. (*Melvin* v. *Carl, supra.*)

Spence, Acting P. J., and Sturtevant, J., concurred.