[Civ. No. 7386. Third Dist. Apr. 25, 1947.]

MIDDLE FORK GOLD MINING COMPANY (a Corporation), Plaintiff, v. F. I. GREEN et al., Cross-Complainants and Appellants; SLIGER GOLD MINING COMPANY, Cross-Complainant and Respondent.

No appearance for Appellants.

Wm. E. Colby for Respondent.

ADAMS, P. J.—This is a motion by appellee, Sliger Gold Mining Company, to dismiss the appeal of appellants F. I. Green and Mabel Green. The motion is supported by two certificates of the clerk of the trial court, and the affidavit of Wm. E. Colby, attorney for movant. No appearance was made by appellants.

The aforesaid certificates and affidavits show the following facts. Judgment was entered July 8, 1946. Written notice of entry of judgment was mailed to appellants by the clerk of the court on July 29, 1946, and received by them on August 1, 1946. On August 12, 1946, appellants filed a "Notice of Intention to Move for New Trial," and on August 27th, filed what was designated as a "Petition for New Trial, Cancellation of Judgment and Time to File Exceptions." On September 30, 1946, they filed a "Motion to Vacate a Judgment and Enter Another and Different Judgment."

On September 13, 1946, the trial court denied the motion for a new trial and the "Petition for New Trial, Cancellation of Judgment and Time to File Exceptions." On November 16, 1946, the "Motion to Vacate a Judgment and Enter Another and Different Judgment" was denied. On November 30, 1946, the Greens filed notice of appeal.

This motion to dismiss the appeal is based upon the proposition that the said notice of appeal was not filed in time.

Rule 2 of the Rules on Appeal provides that a notice of appeal must be filed within 60 days from the date of entry of the judgment unless the time is extended as provided in rule 3.

Rule 3 provides that when a *valid* notice of intention to move for a new trial is served and filed within 60 days after entry of judgment, if the motion is denied the time for filing the notice of appeal from the judgment is extended until 30 days after denial of the motion. It also provides that where a motion to vacate a judgment and enter another and different judgment is *made* within 60 days after entry of judgment, if the motion is denied, or not decided by the superior court within 120 days after entry of the judgment, the time for filing the notice of appeal from the judgment is extended until 30 days after entry of the order denying the motion to vacate, or 120 days after entry of the judgment, whichever shall be less.

Appellants did not bring themselves within these rules. While their notice of motion for a new trial was made within 60 days after entry of judgment, it was not filed within 10 days after receipt of notice of entry of judgment as provided by Code of Civil Procedure, section 659. But even assuming that it was valid though not filed in conformity with the code section, it was denied on September 13th, and the notice of appeal was not filed until November 30th, more than two

months after denial of the motion, and some 145 days after entry of judgment.

■ Also, while their "Petition for a New Trial, Cancellation of Judgment and Time to File Exceptions" was filed within 60 days after entry of judgment, it was denied on September 13th, and the notice of appeal was not filed within 30 days thereafter. So if same be considered as a motion to vacate judgment and enter another and different judgment under the rules, it is obvious that the appeal was taken too late.

■ If, on the other hand, that petition was not of that nature, and time to appeal is to be measured in connection with the "Motion to Vacate a Judgment and Enter Another and Different Judgment," which was filed on September 30th, it is apparent that same was neither filed nor *made* within the 60 days after entry of judgment and was therefore too late. Regarding such a motion the rule provides, not that it must be *filed* within the 60 days after entry of judgment, but that it must be *made* within that time; and the record before us shows that said motion was not *made* until November 8th. The notice did not specify a date for hearing of the motion, and the hearing was noticed by the clerk and brought up for hearing on said notice without action to that end on the part of appellants. The motion was therefore not *made* until November 8th, at which time appellants appeared and argued in support of same. This was 123 days after entry of judgment, and was too late. See *Estate of Corcofingas,* 24 Cal.2d 517, 521 [150 P.2d 194].

The motion to dismiss is granted and the appeal is dismissed.

Thompson, J., and Schottky, J. pro tem., concurred.