[Civ. No. 18134. Second Dist., Div. One. Dec. 20, 1950.]

GLADYS G. KING, Appellant, v. GRIFFIN WALTER WILSON, Individually and as Executor, etc., et al., Respondents.

Jerrell Babb for Appellant.

Walter G. Danielson and H. Spencer St. Clair for Respondents.

WHITE, P. J.—Respondents moved to dismiss the within appeal on the ground that the notice of appeal was not filed within the time required by rules 2 and 3 of Rules on Appeal. At the initial hearing of the motion appellant appeared in person and stated that she was without counsel, whereupon this court ordered the matter continued that appellant might be represented by counsel. Thereafter appellant's present counsel, Mr. Jerrell Babb, filed an answer to the notice of motion,

as well as affidavits in opposition; counteraffidavits were filed, and the matter was argued and submitted.

The judgment was entered April 3, 1950. Notice of entry of judgment was filed April 10, bearing an acknowledgment of service as of April 10. Notice of intention to move for a new trial was filed on April 21 and denied on May 16. The notice of appeal was filed June 19, 1950. From a supplementary certificate of the clerk of the superior court it appears that although the court orally denied the motion for new trial on May 16, the order was "entered on the Minutes of said Superior Court on the 22 day of May, 1950."

Rule 2 of Rules on Appeal provides that the notice of appeal shall be filed within 60 days from the date of entry of judgment unless the time is extended as provided in rule 3. Subdivision (a) of rule 3 provides that when a *valid* notice of intention to move for a new trial is served and filed within 60 days after entry of judgment, if the motion is denied the time for filing the notice of appeal is extended until 30 days after denial of the motion by order of court or by operation of law. It is settled that the 30-day extended period does not begin to run until entry of the order of denial in the formal minutes (*Jablon* v. *Henneberger*, 33 Cal.2d 773 [205 P.2d 1]; *Grande* v. *Donovan*, 55 Cal.App.2d 694 [131 P.2d 855]; *Berman* v. *Blankenship Motors*, 140 Cal.App. 134 [34 P.2d 1035]). Appellant's notice of appeal was therefore filed within the prescribed 30-day period. However, her time was not extended under rule 3(a) unless her notice of intention to move for a new trial was "valid." Section 659 of the Code of Civil Procedure provides that the party intending to move for a new trial must, either before the entry of judgment or within 10 days after receiving written notice of the entry of the judgment, file and serve his notice of intention, and that "The time above specified shall not be extended by order or stipulation." It must therefore be held that a notice of intention to move for a new trial which is not filed within the time specified in section 659 of the Code of Civil Procedure is not a "valid" notice as required by rule 3(a) of Rules on Appeal. (See *Whiting-Mead Commercial Co.* v. *Bayside Land Co.*, 178 Cal. 93 [172 P. 598]; *Middle Fork Gold Mining Co.* v. *Green*, 79 Cal.App.2d 350, 351 [179 P.2d 363]; *Estate of Nutt*, 180 Cal. 419 [181 P. 661]; *Mellin* v. *Trousdell*, 33 Cal.2d 858 [205 P.2d 1036].) If the notice of entry of judgment was served on April 10, as the record indicates, then appellant's notice of intention to move for a new trial was filed too late.

■ Appellant has attempted to show by affidavits that the notice of entry of judgment was not properly served on her then counsel on April 10, but must be deemed to have been served on April 11, in which case the notice of intention to move for a new trial was filed in time. Appellant's former counsel in his affidavit stated that the notice of entry of judgment was handed to him on Tuesday, April 11, by "an employee handling the switchboard in the reception room of a law office in which affiant herein had his office"; that affiant had not authorized this employee or any person to accept service for him, and that the switchboard operator was not his secretary. The switchboard operator deposed that she was employed by a group of lawyers to handle the switchboard in the reception room; that appellant's then counsel occupied a private office in the suite; that on April 10 someone handed her a document called Notice of Entry of Judgment and told her to initial the same, which she did, and a copy of the notice was left with her; but that she did not see appellant's then counsel until the following day, when she handed him the document. In a counteraffidavit filed by respondents, the secretary of respondents' counsel averred that she delivered the notice to the switchboard operator on April 10 and saw her at that time hand the notice to appellant's then counsel.

Were the question to be decided that of whether appellant's counsel actually personally received the notice of entry of judgment on April 10 or April 11, a most vexing factual conflict would be presented; but the true question here is whether service was complete on April 10, and under the provisions of section 1011 of the Code of Civil Procedure, it must be held that it was. The section provides that the service may be as follows: "1. If upon an attorney, it may be made during his absence from his office, by leaving the notice or other papers with his clerk therein, *or with a person having charge thereof;* or when there is no person in the office, by leaving them between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office; . . . ."

Under the circumstances here present, to hold that service of a notice of entry of judgment upon the switchboard operator who, to all intents and purposes, was in "charge" of the offices maintained by appellant's former counsel and other attorneys associated with him, would do violence to the expressed legislative intent of the code section just quoted. Common sense and reason both dictate that a valid service was

made in the instant case on April 10, pursuant to the above quoted provision of section 1011 of the Code of Civil Procedure.

The motion to dismiss the appeal herein is granted.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied January 11, 1951, and appellant's petition for a hearing by the Supreme Court was denied February 15, 1951. Carter, J., voted for a hearing.