[Civ. No. 19322. Second Dist., Div. Two. Mar. 3, 1953.]

NITA JEAN BRYANT, a Minor, etc., Appellant, v. LOS ANGELES TRANSIT LINES (a Corporation), Respondent.

George E. Cannady and Edward Carter Maddox for Appellant.

Trippet, Newcomer, Yoakum & Thomas, Robert C. Carlson and Henry F. Walker for Respondent.

FOX, J.—This is a motion to dismiss plaintiff's appeal. This case was tried on February 19, 1952, at which time

the court orally announced judgment would be for defendant. On March 21st, prior to entry of judgment, plaintiff's notice of intention to move for a new trial was filed. Findings of fact and conclusions of law were signed and filed on March 27th. Judgment was entered the next day. Plaintiff's purported motion for a new trial was argued on April 15th and denied on May 28th. Plaintiff's notice of appeal was filed on June 4, 1952.

A timely notice of appeal is essential to appellate jurisdiction and a late filing of such notice is a nullity, requiring dismissal of the appeal. (*Estate of Hanley,* 23 Cal. 2d 120, 122-123 [142 P.2d 423, 149 A.L.R. 1250].)

By the terms of rule 2(a), Rules on Appeal, notice of appeal (except as otherwise specifically provided by law) must be filed within 60 days from the date of entry of the judgment, unless the time is extended as provided in rule 3(a). By the latter rule, when a valid notice of intention to move for a new trial is served and filed within 60 days after entry of judgment, the time for filing notice of appeal is extended until 30 days after either entry of the order denying the motion, or its denial by operation of law. In this connection it is to be noted that a *valid* notice of intention to move for a new trial must be filed in order to bring into operation the extension of time provisions of rule 3(a). (*Middle Fork Gold Min. Co.* v. *Green,* 79 Cal.App.2d 350, 351 [179 P.2d 363]; *King* v. *Wilson,* 101 Cal.App.2d 242, 243 [225 P.2d 270].)

A notice of intention to move for a new trial, filed before the signing and filing of the findings of fact and conclusions of law, is invalid and ineffectual for any purpose and does not operate to extend the time for filing notice of appeal. (*Tabor* v. *Superior Court,* 28 Cal.2d 505, 506-507 [170 P.2d 667]; *Fong Chuck* v. *Chin Po Foon,* 29 Cal.2d 552, 553-554 [176 P.2d 705]; *Crillo* v. *Curtola,* 91 Cal.App.2d 263, 277 [204 P.2d 941].)

Applying these principles, it is clear that plaintiff's notice of intention to move for a new trial was premature and did not operate to extend the time for appeal from the judgment, which expired in May, 1952. The notice of appeal not having been filed until June 4, 1952, this court has no jurisdiction. (*Root* v. *Daugherty,* 201 Cal. 12, 14 [255 P. 181]; *Estate of Hanley, supra.*)

The appeal is dismissed.

Moore, P. J., and McComb, J., concurred.