[Civ. No. 23249. Second Dist., Div. One. Nov. 10, 1958.]

CARL RADFORD, Appellant, v. CROWN CITY LUMBER AND MILL COMPANY (a Partnership), Respondent.

Robert H. Lund for Appellant.

Moss, Lyon & Dunn, Fulton Haight and Henry F. Walker for Respondent.

FOURT, J.—The plaintiff in this case filed an action for damages against the defendant. The cause proceeded to trial before a jury. On December 17, 1957, a judgment on verdict

in open court was rendered in favor of the defendant and against the plaintiff. The judgment was entered on December 18, 1957. On December 19, 1957, a notice of entry of judgment was signed by one of the attorneys for the defendant, who had his office in Los Angeles, California, and the same was mailed to the attorney for the plaintiff, who had his offices in Long Beach, California. The notice of entry of judgment, with the affidavit of mailing attached thereto, was filed in the office of the clerk on December 20, 1957.

A notice of motion for a new trial, dated December 24, 1957, was filed with the clerk on January 6, 1958. The affidavit of one of the attorneys for the respondent herein sets forth, among other things, that the attorneys for the defendant received the notice of motion for a new trial within 10 days of the date of the filing of the notice of entry of judgment.

The motion for a new trial was heard and denied on February 4, 1958, and a minute order reflecting such action was filed on February 6, 1958. The plaintiff filed a notice of appeal on March 3, 1958.

The respondent now asserts that the appeal should be dismissed for the reason that the motion for a new trial was not filed in conformity with the provisions of section 659 of the Code of Civil Procedure, and that a notice of intention for a new trial which is not served and filed within the time specified in the code section is not such a valid notice of intention as is required by rule 3, Rules on Appeal, and therefore did not serve to extend the time within which a notice of appeal must be filed.

Section 659 of the Code of Civil Procedure reads as follows:

"The party intending to move for a new trial must, either (1) before the entry of judgment and, where a motion for judgment notwithstanding the verdict is pending, then within five (5) days after the making of said motion, or (2) within ten (10) days after receiving written notice of the entry of the judgment, *file with the clerk* and serve upon the adverse party a notice of his intention to move for a new trial, designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court or both. Said notice shall be deemed to be a motion for a new trial on all the grounds stated in the notice. The time above specified shall not be extended by order or stipulation." (Emphasis added.)

Rule 3(a) of the Rules on Appeal reads as follows:

"(a) [New trial proceeding] When a valid notice of inten-

tion to move for a new trial is served and filed by any party within 60 days after entry of judgment, (1) if the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law; (2) if the motion is granted and an appeal is taken from the order granting it, the respondent, within 20 days after mailing of notification by the clerk of such appeal, may file notice of appeal from the judgment, and on that appeal may present any question which he might have presented on an appeal from the judgment had the motion for new trial been denied.''

Unless the motion for a new trial was filed on time, it is apparent that the notice of appeal was late, and under such circumstances we would have no jurisdiction to hear the matter.

A notice of appeal must be filed within 60 days from the date of entry of judgment, unless the time is extended as provided in rule 3 of Rules on Appeal. (Rules on Appeal, rule 2; *Kientz* v. *Harris*, 117 Cal.App.2d 787, 789 [257 P.2d 41]; *Richardson* v. *United etc. of Carpenters*, 129 Cal.App. 2d 249, 250 [276 P.2d 636].)

The court in *Neale* v. *Morrow*, 174 Cal. 49 [161 P. 1165], held, in effect, that a notice of intention to move for a new trial must not only be served but filed within the time prescribed by the code, and although it is served within the time but not filed, the court is without jurisdiction to entertain the motion, and has no power even under section 473 of the Code of Civil Procedure to relieve the party of his failure to file the notice in time, upon an affidavit explaining such failure. (See *Prothero* v. *Superior Court*, 196 Cal. 439 [238 P. 357]; *Bank of America etc. Assn.* v. *Superior Court*, 115 Cal.App. 454 [1 P.2d 1081]; Witkin, California Procedure, Late Filing Void, p. 2075; *Fong Chuck* v. *Chin Po Foon*, 29 Cal.2d 552, 554 [176 P.2d 705].)

In *King* v. *Wilson*, 101 Cal.App.2d 242 [225 P.2d 270], this court, speaking through Mr. Presiding Justice White, said (at p. 243): ''However, her time was not extended under rule 3(a) unless her notice of intention to move for a new trial was 'valid.' Section 659 of the Code of Civil Procedure provides that the party intending to move for a new trial must, either before the entry of judgment or within 10 days after receiving written notice of the entry of the judgment, file and serve his notice of intention, and that 'The time above speci-

fied shall not be extended by order or stipulation.' It must therefore be held that a notice of intention to move for a new trial which is not filed within the time specified in section 659 of the Code of Civil Procedure is not a 'valid' notice as required by rule 3(a) of Rules on Appeal. (See *Whiting-Mead Commercial Co.* v. *Bayside Land Co.*, 178 Cal. 93 [172 P. 598] ; *Middle Fork Gold Mining Co.* v. *Green*, 79 Cal.App. 2d 350, 351 [179 P.2d 363] ; *Estate of Nutt*, 180 Cal. 419 [181 P. 661] ; *Mellin* v. *Trousdell*, 33 Cal.2d 858 [205 P.2d 1036].) ''

 In this particular case the record discloses that the appellant was properly served with copies of the motion to dismiss and the affidavit of one of the attorneys for respondent with a memorandum of the points and authorities. The appellant filed no opposition to the motion, in writing or otherwise. The matter was properly placed upon the calendar of this court for hearing and all parties were given timely notice of such hearing. The appellant made no appearance.

Rule 41(c) of Rules on Appeal reads as follows:

''(c) [Failure to oppose motion] Failure of an appellant to appear and oppose a motion to dismiss an appeal after due service of notice of motion, or to file a written opposition to the motion, may be deemed an abandonment of the appeal authorizing its dismissal. Failure of the adverse party to serve and file written opposition to any other motion may be deemed a consent to the granting of such motion.''

 We are of the opinion that the notice of motion for a new trial was not filed within the time required by law, and therefore such notice of motion was not valid as is required by rule 3 of Rules on Appeal, and did not extend the time within which a notice of appeal must be filed.

 We have further determined that the failure of the appellant to appear and oppose the motion to dismiss the appeal, or to file a written opposition thereto, in this particular case, constitutes and is deemed an abandonment of the appeal.

For the foregoing reasons, the appeal is dismissed.

White, P. J., and Lillie, J., concurred.