[Civ. No. 19421. First Dist., Div. Two. Apr. 18, 1961.]

DELORES M. GARCIA, Plaintiff and Appellant, v. ANTONIO LUCIDO, Defendant and Appellant.

Alfred A. Affinito for Plaintiff and Appellant.

Lasher B. Gallagher for Defendant and Appellant.

SHOEMAKER, J.—Plaintiffs Delores and Placida Garcia brought this action to recover for personal injuries sustained in an automobile collision allegedly caused by the negligence of defendant Antonio Lucido. Defendant Lucido answered, denying negligence on his part and alleging contributory negligence on the part of the driver Delores Garcia. After a trial by jury, verdict and judgment were for Placida Garcia against Lucido, and for Lucido against Delores Garcia. Plaintiff Delores Garcia then moved for and was granted a new trial on the ground of the insufficiency of the evidence to justify the verdict.

Lucido appeals from the said order, and Delores Garcia cross-appeals from the judgment for defendant Lucido.

Appellant contends that respondent's notice of intention to move for a new trial was fatally defective because it failed to state whether such motion would be made upon affidavits or the minutes of the court, as required by Code of Civil Procedure, section 659. He argues that the right to

move for a new trial is statutory and must be pursued in the manner set out by the statute, and that where the mandatory provisions of section 659 are not complied with, the trial court is without jurisdiction to grant such a motion, but must either deny the motion or dismiss the proceedings.

Respondent, in reply, contends that section 659 is only a directory and not a mandatory provision, and that substantial compliance with its requirements is sufficient to vest the trial court with jurisdiction. She further alleges that the courts favor a liberal interpretation of technical provisions of this nature, and points out that appellant could not possibly have been misled by this formal defect, since Code of Civil Procedure, section 658, provides that a motion for a new trial based on insufficiency of the evidence must be made on the minutes of the court.

The precise point now in contention was before this court in *Smith* v. *Ibos* (1937), 22 Cal.App.2d 551 [71 P.2d 847] (cited with approval in *Telefilm, Inc.* v. *Superior Court* (1949), 33 Cal.2d 289, 294 [201 P.2d 811]; *Sitkei* v. *Frimel* (1948), 85 Cal.App.2d 335, 337 [192 P.2d 820]), where we reversed an order granting a new trial on the ground that respondent had failed to comply with section 659, in that he did not designate whether the motion would be made upon affidavits or the minutes, or both. We held the requirements of this section to be mandatory and stated that compliance therewith was necessary to confer jurisdiction on the court. The respondent in the Ibos case had also attempted to argue that appellant suffered no detriment due to the fact that Code of Civil Procedure, section 658, required a motion on the ground of insufficiency of the evidence to be based only on the minutes, and it could thus be assumed that appellant was effectively advised despite the formal defect in the notice. We pointed out, however, that such a construction of Code of Civil Procedure, section 659, would involve omitting a portion of the statute and also alluded to the fact that the legislature had simultaneously amended both sections 658 and 659 of the Code of Civil Procedure, but had not seen fit to eliminate the questioned requirement of section 659.

Respondent's assertion of a trend to liberal construction of the formal requirements of motions for new trial is weakened by the recent decision in *Aced* v. *Hobbs-Sesack Plumbing Co.*, 55 Cal.2d 573 [12 Cal.Rptr. 257, 360 P.2d 897]. There the court disapproved a number of decisions refusing to

apply the specific direction of the statute (Code Civ. Proc., § 657), requiring that an order granting new trial on the ground of insufficiency of the evidence must specify this ground.

In view of the above, it is unnecessary for us to consider the argument that the order granting a new trial was void because not filed by the court within the 60-day period required under Code of Civil Procedure, section 660.

■ Appellant's next contention is that respondent's cross-appeal should be dismissed. Appellant relies upon the fact that respondent's cross-appeal was not filed within 60 days from the date of the entry of judgment, as required by rule 2 of the Rules on Appeal, since the judgment was entered on June 11, 1959, and respondent's cross-appeal was not filed until September 8, 1959. Appellant further contends that respondent is not entitled to the extended time for appeal allowed by rule 3 of the Rules on Appeal. Rule 3 provides:

"(a) . . . When a valid notice of intention to move for a new trial is served and filed by any party within 60 days after entry of judgment, . . . if the motion is granted and an appeal is taken from the order granting it, the respondent, within 20 days after mailing of notification by the clerk of such appeal, may file notice of appeal from the judgment, . . ." Notice of appeal from the order granting the new trial was mailed to respondent on August 20, 1959. Thus respondent's cross-appeal, which was filed on September 8, 1959, would fall within the extended 20-day period were the provisions of rule 3 applicable.

Rule 3 specifically requires that the notice of intention to move for a new trial be "valid" in order for the moving party to be entitled to the extended time for appeal. Since respondent's notice failed to comply with Code of Civil Procedure, section 659, appellant contends that it cannot properly be held valid and that respondent's cross-appeal must be dismissed since not filed within the 60-day period prescribed under rule 2.

There would appear to be no California decisions dealing with the question of whether a notice of intention to move for a new trial which fails to comply with this requirement of Code of Civil Procedure, section 659, can be considered "valid" under rule 3. Rule 3 supersedes former section 939 of the Code of Civil Procedure, which read as follows:

". . . If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until

thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion.'' In *Melvin* v. *Carl* (1929), 206 Cal. 772 [276 P. 574], appellant's motion for a new trial was denied by the trial court, and appellant then took an appeal within the extended time period allowed under Code of Civil Procedure, section 939. Respondents moved to dismiss the appeal, contending that the notice of intention to move for a new trial had failed to designate whether the motion would be made upon affidavits or the minutes of the court, or both, as required by Code of Civil Procedure, section 659. Other defects in the motion were also alleged. It was respondents' position that new trial proceedings had not been duly initiated and that appellant was thus not entitled to the extended time for appeal under Code of Civil Procedure, section 939. The appellate court denied respondents' motion to dismiss the appeal, stating as follows:

''From an examination of the cases it will be seen that defects in the notice have often been held fatal on an appeal *involving the ruling on the motion.* Yet, so far as we have been able to ascertain, it has never been held that a defective or informal notice has had the effect of depriving the party intending, as here, in good faith to move for a new trial, of the right to delay the filing of his notice of appeal until after the termination of the new trial proceedings.'' (P. 774.) [Emphasis supplied.] We are of the opinion, however, that the reasoning of the Melvin case is not applicable under the wording of rule 3. Rule 3 now makes the right to an extended time for appeal contingent on the filing of a ''valid notice of intention to move for a new trial,'' whereas Code of Civil Procedure, section 939, merely required that proceedings on motion for a new trial be pending. In view of the holding of *Smith* v. *Ibos, supra,* logic compels the conclusion that a notice of the type here involved is not valid.

We are mindful, in construing the requirement of rule 3, that the notice of intention to move for a new trial must be valid, that the courts have consistently held such notice invalid where filed either late or prematurely. (*Reeves* v. *Reeves* (1949), 34 Cal.2d 355 [209 P.2d 937]; *Estate of Welch* (1956), 146 Cal.App.2d 534 [304 P.2d 57]; *Estate of Raahauge* (1949), 91 Cal.App.2d 615 [205 P.2d 1122]; *Lynch* v. *Watson* (1945), 69 Cal.App.2d 51 [158 P.2d 250].) Neither can such notice be considered valid where the pro-

ceeding in the lower court was such that a motion for a new trial would not lie therefrom. (*Radford* v. *Crown City Lumber & Mill Co.* (1958), 165 Cal.App.2d 18 [331 P.2d 438]; *Bryant* v. *Los Angeles Transit Lines* (1953), 116 Cal. App.2d 473 [253 P.2d 731]; *King* v. *Wilson* (1950), 101 Cal. App.2d 242 [225 P.2d 270]; *Bernard* v. *Bernard* (1947), 79 Cal.App.2d 353 [179 P.2d 625].)

 The only record that the court reasonably needed for the disposition of this appeal was the clerk's transcript and eight pages of the reporter's transcript (pages 1094 to 1101, inclusive). However, we were furnished a complete reporter's transcript of 1,118 pages due to the demand of cross-appellant Delores Garcia and her counsel. This excessive material was prepared even though her counsel was aware that appellant's appeal was limited to the contentions we have discussed and was thoroughly explored before the trial court on proper motion wherein cross-appellant's counsel successfully insisted that a complete reporter's transcript be prepared and that the cost thereof be borne by appellant. To assure that inequity is not worked by our proposed award of costs, we have studied respondent's brief on her cross-appeal, and have reviewed the transcript. The only substantial ground urged is that the evidence is insufficient to sustain a verdict for defendant-appellant. This contention is completely without merit, disregards the clear rule governing review on appeal, and completely ignores both direct evidence and inferences which clearly sustain the verdict. We note also that the affidavit supporting respondent's application for leave to file typewritten briefs avers that respondent is ". . . destitute and without sufficient funds with which to reply to . . . the Appeal." Obviously the normal costs award would be meaningless here. Under these circumstances, we must invoke the provisions of rule 26, subdivision (a) of the Rules on Appeal and enter our order directing that appellant shall recover his costs on appeal from cross-appellant and her counsel, Alfred Affinito, jointly and severally; said costs to include such additional sum as is represented by 1,110 pages of the reporter's transcript.

Order granting new trial is reversed, and cross-appeal is dismissed.

Kaufman, P. J., and Draper, J., concurred.