[L. A. No. 28334.   In Bank.   Apr. 16, 1965.]

STEPHEN JOHN NICHOLS et al., Plaintiffs and Respondents, v. PATRICK JAMES HAST, Defendant and Appellant.

Morgan, Holzhauer, Burrows, Wenzel & Lynberg, Albert J. Holzhauer and Stanley R. Rader for Defendant and Appellant.

Hollopeter & Terry and Don H. Terry for Plaintiffs and Respondents.

TRAYNOR, C. J.—After jury verdicts and a judgment for defendant in an action for personal injuries and wrongful death, plaintiffs moved for a new trial on the ground that the evidence was insufficient to justify the verdicts. Defendant appeals from the order granting that motion.

Defendant does not dispute that the trial court could properly conclude that the evidence was insufficient to justify verdicts in his favor. He contends only that the court was without jurisdiction to grant plaintiffs' motion for a new trial because their notice of intention to make the motion did not meet the requirements of the Code of Civil Procedure. Section 659 provides: "The party intending to move for a new trial must file . . . and serve upon the adverse party a notice of his intention . . . designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court or both. . . ."

Plaintiffs filed and served upon defendant a notice of intention to move for a new trial designating the grounds set forth in subdivision 6 of section 657: "Insufficiency of the evidence to justify the verdict . . . [and] that it is against law." The notice also stated that such grounds would be supported

by affidavits.[1] When application is made under subdivision 6, however, "it must be made upon the minutes of the court." (Code Civ. Proc., § 658.) Plaintiffs' statement of intention to submit affidavits was therefore unauthorized and was apparently inadvertent for they did not submit affidavits in support of the motion. The only irregularity in the proceedings on the motion was that defendant did not receive formal notice that the motion would be supported by the minutes of the court.

■ We disagree with defendant's contention that the court is without jurisdiction to grant a motion for a new trial when the notice of intention to make such motion does not state that it will be made on the minutes of the court. ■ The court may consider its own minutes when ruling on a motion for a new trial (see *Webber* v. *Webber,* 33 Cal.2d 153, 164 [199 P.2d 934]), since it may take judicial notice of such records. (Code Civ. Proc., § 1875, subd. 3; *City & County of San Francisco* v. *Carraro,* 220 Cal.App.2d 509, 527 [33 Cal. Rptr. 696].) ■ The purpose of notice under section 659 is to give the adverse party a reasonable opportunity to oppose a motion for a new trial on its merits. ■ In the present case, defendant had such opportunity, for plaintiffs' notice clearly stated that the motion would be made on the ground that the evidence was insufficient to justify the verdicts. ■ Unlike a notice that a motion for a new trial will be made on grounds specified therein (see *Malkasian* v. *Irwin,* 61 Cal.2d 738, 745 [40 Cal.Rptr. 78, 394 P.2d 822]), further notice that it will be made on affidavits or the minutes of the court is not jurisdictional, for such further notice may be waived (*Secreto* v. *Carlander,* 35 Cal.App.2d 361, 363-364 [95 P.2d 476]; see *Lamoreux* v. *San Diego etc. Ry. Co.,* 48 Cal.2d 617, 621 [311 P.2d 1]; *Cox* v. *Certified Grocers of Cal. Ltd.,* 224 Cal.App.2d 26, 32 [36 Cal.Rptr. 48]), whereas jurisdiction over the subject matter cannot be conferred by waiver of the parties (*Sampsell* v. *Superior Court,* 32 Cal.2d 763, 773 [197 P.2d 739]). ■ Therefore, "when the adverse party has been given due notice that . . . a motion [for a new trial] will be made and is fully apprised of the grounds to be urged the jurisdiction of the court is complete." (*Bauer* v. *Helene Curtis Industries, Inc.,* 117 Cal.App.2d 66, 68 [254 P.2d 931]; accord *McFarland* v. *Kelly,* 220 Cal.App.2d 585, 589-590 [33 Cal.Rptr. 754].)

---

[1]Although the notice designated no other grounds for the motion than those of subdivision 6, it stated that "as to all other grounds this motion will be made on the minutes of the court."

■ Although defendant did not waive the defect in plaintiffs' notice, the trial court did not err in exercising its jurisdiction to grant the motion. Defendant was not misled by plaintiffs' statement of intention to submit affidavits in support of their motion. Indeed, he filed objections to the form of plaintiffs' notice on the ground that their motion should have been made on the minutes of the court. He cannot contend, therefore, that he did not know that the court could consider its minutes when ruling on the motion or that he was prejudiced by the absence of such notice.

■ Moreover, when a notice of motion for a new trial clearly states the grounds on which it will be made, it would be an abuse of discretion to deny the motion solely on the ground that it did not state whether it would "be made upon affidavits or the minutes of the court or both." (Code Civ. Proc., § 659.) Before the 1915 amendment to section 658, a motion for a new trial made on grounds other than those specified in the first four subdivisions of section 657 could be made, "at the option of the moving party, either upon the minutes of the court, or a bill of exceptions, or a statement of the case. . . ." (Code Amend. 1873-74, ch. 383, p. 314, § 84.) Thus, it was important to give notice of how the motion would be supported. ■ Section 658 now provides, however, that a motion made upon such grounds "must be made upon the minutes of the court" and that a motion under the first four subdivisions of section 657 "must be made upon affidavits." It is now implicit in the statement of the grounds of the motion whether it will be made upon affidavits or the minutes of the court or both. ■ *Smith* v. *Ibos*, 22 Cal.App. 2d 551 [71 P.2d 847], *Garcia* v. *Lucido*, 191 Cal.App.2d 303 [12 Cal.Rptr. 601], and *Ungar Electric Tools, Inc.* v. *Sid Ungar Co.*, 192 Cal.App.2d 398 [13 Cal.Rptr. 268], relied upon cases before the 1915 amendment to section 658. To the extent that they are inconsistent with our opinion herein, they are disapproved.

The order is affirmed.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.