[No. E001814. Fourth Dist., Div. Two. May 6, 1986.]

In re the Marriage of SHARON MARIE and
STANLEY DOUGLAS PATSCHECK.
STANLEY DOUGLAS PATSCHECK, Appellant, v.
SHARON MARIE PATSCHECK, Respondent.

**COUNSEL**

Vizzard, Baker, Sullivan & McFarland and Jerold L. Turner, Goldberg, Fisher & Quirk and Edward J. Quirk, Jr., for Appellant.

Gary A. Imburg for Respondent.

**OPINION**

**RICKLES, Acting P. J.**—This is an action to dissolve the marriage of Stanley Douglas Patscheck (former husband) and Sharon Marie Patscheck

(former wife). Unsatisfied with the division of community property, former husband has attempted to appeal from the judgment. The notice of appeal was filed late, however, and therefore the appeal must be dismissed.

The judgment dissolving the marriage and dividing the community property was both filed and entered on November 13, 1984. Notice of entry of judgment was mailed on November 15, 1984.

Former husband's notice of intention to move for new trial was filed on December 3, 1984. This was beyond the fifteen-day period allowed by section 659 of the Code of Civil Procedure. The last day to file a notice of intention was November 30, 1984, a Friday which was not a holiday.

The motion for new trial was argued on January 4, 1985, and denied by minute order three days later. Apparently neither the court nor former wife's counsel noticed the untimeliness of the filing of the notice of intention.

The notice of appeal from the judgment was filed on February 1, 1985, which was more than 60 days after the mailing of notice of entry of judgment but less than 30 days after the entry of the order denying the motion for new trial.

■ The normal time for filing a notice of appeal is 60 days after the mailing of a notice of entry of judgment. (Cal. Rules of Court, rule 2(a).) A motion for new trial will extend the time until 30 days after either entry of the order denying the motion or denial thereof by operation of law but only "[w]hen a *valid* notice of intention to move for a new trial is served and filed . . . ." (Cal. Rules of Court, rule 3(a), italics added.) A notice of intention filed after the allowed time is invalid and does not extend the time for filing a notice of appeal from the judgment beyond the normal 60 days. (*Radford* v. *Crown City Lumber & Mill Co.* (1958) 165 Cal.App.2d 18, 20-21 [331 P.2d 438]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 389, pp. 388-389.)

As former husband's notice of intention to move for new trial was filed late, it was invalid and did not extend the time for filing a notice of appeal. The filing of former husband's notice of appeal was untimely.

■ This problem having been brought to former husband's attention, he has submitted a letter brief addressing it. He urges us to uphold the validity of the notice of appeal by treating this as a "doubtful case" or, in the alternative, to treat the purported appeal as a writ petition.

In *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660 [125 Cal.Rptr. 757, 542 P.2d 1349], the court dismissed an appeal as untimely. Former husband relies on the following paragraph:

"What we have said in no way conflicts with the well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases 'when such can be accomplished without doing violence to applicable rules.' [Citation.] As we have indicated, there are many cases in which this policy, implemented *in accordance* with 'applicable rules,' will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period. We simply hold today that when such notice has not in fact been filed within the relevant jurisdictional period— and when applicable rules of construction and interpretation fail to require that it be deemed in law to have been so filed—the appellate court, absent statutory authorization to extend the jurisdictional period, lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse." (*Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d at p. 674, original italics.)

Former husband's attempt to fit this case into the category of doubtful cases under *Rico* is difficult to follow but appears to proceed by these steps: (1) the clerk's transcript shows that the judgment was "purportedly" filed and entered on the same date, (2) the statement regarding the date of entry is unsworn, (3) the actual date of entry is determinative of a party's right to appeal or move for new trial, and (4) this court should assume the appeal is timely because determining the true date of entry would require taking evidence outside the record.

Former husband's argument turns on his assertion that the date of entry of judgment is suspect because it is not supported by a sworn statement and because it is the same as the date of filing. There is nothing suspicious or improper in either circumstance. Official records of actions taken by a court clerk are presumed correct (see *Tate* v. *Superior Court* (1975) 45 Cal.App.3d 925, 929 [119 Cal.Rptr. 835]) and need not be supported by sworn statements. Entry of a judgment or order on the date of filing is commonplace.

Former husband has failed to demonstrate by established rules of construction and interpretation that this is a doubtful case in regard to the timeliness of the appeal. There is no conflict in the record nor is the record subject to reasonable suspicion. The appeal is untimely.

An attempted appeal from a nonappealable interim order has sometimes been treated as a writ petition. (See *Olson* v. *Cory* (1983) 35 Cal.3d 390, 400-401 [197 Cal.Rptr. 843, 673 P.2d 720].) However, there is no authority for treating an untimely appeal as a writ petition. (See *Taper* v. *City of Long Beach* (1982) 129 Cal.App.3d 590, 606-607 [181 Cal.Rptr. 169].) To do so would be improper because a writ petition should be entertained only where there is no adequate remedy by appeal and the remedy by appeal is not made inadequate by a party's having neglected to submit his notice of appeal for filing within the time allowed. (See *Simmons* v. *Superior Court* (1959) 52 Cal.2d 373, 375 [341 P.2d 13].) Moreover, even in the case of nonappealable interim orders, the device of treating a purported appeal as a writ petition is employed sparingly and only under unusual circumstances. (*Olson* v. *Cory, supra,* 35 Cal.3d at p. 401.) Appellate courts have taken great care to impose limits on the practice of treating faulty appeals as writ petitions and we see no policy justification for breaching these limits by expanding the practice to permit review where a notice of appeal was filed late.

The appeal is dismissed.

Kaufman, J., and Taylor, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.