Filed 9/17/20  Bielous v. Ngai CA1/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MICHAEL BIELOUS,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY K. NGAI,<br><br>          Defendant and Appellant. | A157990<br><br>(San Francisco County<br>Super. Ct. No. CGC-18-565661)<br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING |

BY THE COURT:

It is ordered that the opinion filed herein on August 26, 2020, be modified as follows:

In the first paragraph on page 6, immediately after the Weil & Brown cite in lines 5 and 6, a new footnote should be added, the text of which will read as follows:

"After we filed our initial opinion granting Bielous's motion to dismiss the appeal and dismissing the appeal, Ngai filed a petition for rehearing.  While he largely reargues the same points asserted in his opposition to the motion to dismiss, which we have already rejected, he now additionally contends the default judgment is void because it exceeds the amount demanded in the complaint.  This argument, too, lacks merit and does not provide

1

a basis to make his motion to vacate timely.  (See *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 398 [under Civ. Code, § 3295, subd. (e), 'a complaint may not state the amount of punitive damages sought']; Code Civ. Proc., § 425.115, subd. (e) [plaintiff preserves right to seek punitive damages on a default judgment by serving notice on defendant of the amount sought]; *Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 968-969 [statement of damages satisfies Code Civ. Proc., § 580 when the law prevents plaintiff from stating an amount of damages in the body of the complaint, such as in the case of a claim for punitive damages].)  Bielous's statement of damages on Judicial Council Form CIV-050 satisfied the requirements of Code of Civil Procedure section 425.115, subdivision (e)."

This modification does not change the judgment.  The petition for rehearing is denied.

Dated: _____          _____

Kline, P.J.

A157990, *Bielous v. Ngai*

2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| MICHAEL BIELOUS,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY K. NGAI,<br><br>        Defendant and Appellant. | A157990<br><br>(San Francisco County<br>Super. Ct. No. CGC-18-565661) |

Plaintiff Michael Bielous obtained a default judgment against defendant Anthony Ngai.  Ngai appeals, contending that punitive damages awarded as part of the judgment are not supported by substantial evidence.  Bielous has moved to dismiss the appeal on the ground that Ngai's notice of appeal was untimely.  His motion is well taken.  We therefore grant the motion and dismiss the appeal.

### BACKGROUND

**Procedural Background**

On April 10, 2018, plaintiff Michael Bielous filed a complaint against defendant Anthony Ngai for breach of contract, fraudulent inducement, and promissory fraud relating to a $150,000 promissory note.  The complaint was served on Ngai on May 10, 2018.

On May 21, 2018, Ngai served a Code of Civil Procedure section 998 offer in the amount of Bielous's contract damages, attorney fees, and interest due on the promissory note.[1] Bielous did not accept the offer, and Ngai apparently failed to respond to the complaint, resulting in his default.

A default judgment prove-up hearing was held on February 7, 2019. That same day, the trial court entered a default judgment for Bielous that included $450,000 in punitive damages. Bielous served notice of entry of judgment the following day.

On April 5, 2019—57 days after notice of entry of judgment—Ngai filed a "Motion To Set Aside And Vacate Void Default Judgment." The motion was initially calendared for hearing on May 4, and then later continued to June 25 and again to July 9.

On July 2, 2019, Ngai filed a notice of appeal. In light of this, the trial court took Ngai's motion to vacate the default judgment off calendar.

**Bielous's Motion to Dismiss the Appeal**

On July 9, 2020, Bielous filed a motion to dismiss Ngai's appeal. He contends the appeal is untimely because the default judgment was entered on February 7, 2019, and notice of entry of judgment was served on February 8, but Ngai did not file his notice of appeal until July 2, well past the 60-day deadline set forth in California Rules of Court, rule 8.104(a)(1)(B).[2]

Bielous acknowledges Ngai's April 5, 2019 motion to vacate the default judgment. He also acknowledges that pursuant to rule 8.108(c), the filing of a valid motion to vacate a judgment extends the timeframe for filing a notice of appeal by 90 days. According to Bielous, however, in order to be valid, the motion must be timely, and Ngai's motion was untimely because it was not

---

[1] All statutory references are to the Code of Civil Procedure.

[2] All rule references are to the California Rules of Court.

filed within 15 days of service of notice of entry of judgment, as required by section 663a, subdivision (a)(2). Thus, Bielous concludes, Ngai's motion to vacate the default judgment did not extend the 60-day deadline set forth in rule 8.104(a)(1)(B) for filing notice of appeal.

Ngai opposes Bielous's motion, contending his notice of appeal was timely.

## DISCUSSION

Pursuant to rule 801.4(a)(1)(B), notice of appeal must be filed within 60 days of notice of entry of judgment. Bielous served notice of entry of judgment on February 8, 2019. Accordingly, absent an applicable extension, the last day for Ngai to file his notice of appeal was April 9. He did not file it, however, until July 2. This would be untimely unless Ngai's motion to vacate the judgment extended the deadline for filing the notice. We conclude it did not.

As applicable here, rule 8.108(c)(2) provides, "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment, the time to appeal from the judgment is extended for all parties until" 90 days after the motion is filed. In order to be "valid," the motion must be timely. (See, e.g., *King v. Wilson* (1950) 101 Cal.App.2d 242, 243 [notice of intention to move for a new trial not filed within the applicable time limit is not a valid notice].) And in order to be timely, a notice of intention to file a motion to vacate a judgment, or the motion itself, must be filed within 15 days of service of notice of entry of judgment—in this case, on or before February 25. (§ 663a, subd. (a)(2) [a party must file a notice of intention to file a motion to set aside and vacate a judgment "[w]ithin 15 days of the date of . . . service upon him or her by any party of written notice of entry of

3

judgment"].)  Ngai's April 5 motion to vacate was filed well past this deadline and was thus not a "valid" motion that would extend his time for filing a notice of appeal.

Ngai disputes that the 15-day time limit set forth in section 663a applied to his motion.  In his words, section 663a "is simply *not* applicable to the case at bar [because] a defaulting defendant 'is out of court' and 'cannot move for a new trial . . . .' "  By its express terms, however, section 663a applies to a motion to set aside a judgment.  The statute does not contain language exempting from its scope a motion by a defaulting defendant, and Ngai cites no case construing section 663a as inapplicable to a default judgment.

Additionally, current law suggests that a defaulting defendant can in fact move for new trial on the ground that the trial court awarded excessive damages.  (See, e.g., *Siry Investment, L.P. v. Farkhondehpour* (2020) 45 Cal.App.5th 1098, 1128–1132, review granted July 8, 2020, S262081; *Misic v. Segars* (1995) 37 Cal.App.4th 1149, 1154; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2020) ¶ 5:477 [§ 657, subds. (5) and (6) authorize a defendant in default to "attack the default judgment in the trial court by motion for new trial on the ground of 'excessive or inadequate' damages or because 'the verdict or other decision is against law"]; but see *Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385–386 [stating in dicta that a defendant against whom a default has been entered " '*cannot* thereafter' " move for a new trial], italics added.)

In any case, whether the proper method for seeking the trial court's reconsideration of the default judgment was a section 663a motion to vacate the judgment or a section 657 motion for new trial, Ngai had 15 days from

notice of entry of judgment to bring such a motion.  (§§ 659, subd. (a)(2), 663a.)

Despite the foregoing, Ngai asserts that his motion to vacate was timely because, in accordance with rule 8.108(c), he filed it on April 5, 2019, which was within the 60-day time period to appeal prescribed by rule 8.104. In urging this result, Ngai apparently reads rule 8.108(c) as if it provides that a motion to vacate a judgment can be filed within the normal time to appeal the judgment, in which case the time to appeal is extended.  That is not what the rule says, however, and such a reading disregards section 663a, which expressly provides 15 days from notice of entry of judgment for filing such a motion.  In other words, rule 8.108(c) itself does not set forth the time frame for filing the motion to vacate (that is set forth in section 663a), but rather provides that a valid motion to vacate filed *within* the 60-day window for filing a notice of appeal extends the time to appeal the judgment.  But the motion must still be valid, which requires that it be timely under the statutory section governing such motions, i.e., section 663a.

Ngai also asserts an alternative theory as to why his motion to vacate was timely:  the default judgment is void and, as such, his motion to vacate it could be filed at any time.  As he reasons, his appeal does not attack the entire default judgment, instead challenging only the $450,000 punitive damages award "as excessive and void and 'beyond the power of the court to grant', as a matter of law, as unsupported by substantial evidence as to his financial condition and ability to pay . . . ."  He contends a default judgment containing a punitive damages award that is unsupported by substantial evidence is void and thus "can be attacked at any time."  This is incorrect. While a "judgment void on its face . . . is subject to collateral attack at any time" (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228,

5

1239), only certain defects render a judgment void. Such defects include lack of subject matter jurisdiction, lack of personal jurisdiction, lack of notice of the proceedings, improper service of summons, default entered without service on defendant, and a default judgment exceeding the amount demanded in the complaint. (Weil & Brown, Cal. Practice Guide, *supra,* ¶ 5:485.) Ngai cites no authority suggesting that a default judgment unsupported by sufficient evidence is a defect that renders the judgment void, and in fact his cited authorities indicate otherwise. (See *Farmers & Merchants Trust Co. v. Vanetik* (2019) 33 Cal.App.5th 638, 647–650 [reversing the trial court's award of punitive damages as unsupported by substantial evidence, with no discussion of the judgment being void]; *Kelly v. Haag* (2006) 145 Cal.App.4th 910, 916–920 [same]; *Baxter v. Peterson* (2007) 150 Cal.App.4th 673, 678–681 [same].)

In sum, the rule 8.108(c)(2) 90-day extension for Ngai to file his notice of appeal did not apply here because Ngai did not file a timely motion to vacate the judgment or for new trial. Accordingly, his notice of appeal was due to be filed within 60 days of notice of entry of judgment, or by April 9, 2019. Because he did not file his notice of appeal until July 2, the notice was untimely. We therefore lack jurisdiction to consider his appeal (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56), and the appeal must be dismissed.

## DISPOSITION

Bielous's motion to dismiss the appeal is granted. The appeal is hereby dismissed. Bielous shall recover his costs on appeal.[3]

---

[3] In light of the dismissal, Ngai's request for judicial notice filed on July 2, 2020, is denied as moot.

_____

Miller, J.

WE CONCUR:

_____

Kline, P.J.

_____

Stewart, J.

A157990, *Bielous v. Ngai*

7