[Civ. No. 7549.   Third Dist.   May 3, 1949.]

Estate of GERTRUDE RAAHAUGE, Deceased. VICTOR RAAHAUGE, as Cotrustee, etc., Appellant, v. NEY ROBERT RAAHAUGE, as Cotrustee, etc., et al., Respondents.

Pillsbury, Madison & Sutro and O'Hara, Randall, Castagnetto & Kilpatrick for Appellant.

Leo C. Dunnell, Wallace W. Everett and Elden C. Friel for Respondents.

PEEK, J.—Appellant Victor Raahauge, one of the cotrustees of a testamentary trust established by the terms of the will of Gertrude Raahauge, deceased, filed his petition in accordance with the provisions of section 1120 of the Probate Code for an order confirming and approving the purchase of corporate stock. Objections were filed by his cotrustee and two of the beneficiaries of the trust, which objections denied

that the shares should be placed in the corpus of the trust or that title to the shares should be taken in the name of the two cotrustees. In addition to the foregoing, the objectors alleged that the petitioner had purchased the shares for himself and the objectors as their agent and not for the trust. After a hearing on the issues so raised the trial court entered judgment denying the petition and further declaring that the five beneficiaries of the trust were each the owners of one-fifth of the shares individually. The judgment further ordered the two cotrustees to transfer and deliver to each beneficiary the share so adjudged to belong to him. Petitioner appeals from the judgment so entered.

The petition alleges that in accordance with the terms of decedent's will 4,000 shares or four-fifths of the corporate stock of the Mare Island Ferry, a California corporation, was distributed to the trustees who were empowered to purchase additional shares of stock of said company as they deemed expedient. The petition further alleged that with the express consent of all of the beneficiaries of the trust he entered into negotiations for the purchase of 2,000 additional shares of stock of said corporation, and that he did so purchase the same for $22,500; and further that all of the beneficiaries agreed that the shares so purchased should be placed in the trust and title taken in the name of the cotrustees. The petition further averred that at the time of the purchase there were no funds in the trust estate with which to effect a purchase and therefore each of the beneficiaries furnished his proportionate share out of his personal funds in accordance with the agreement that the shares would be placed in and become a part of the trust corpus. The petition concluded with an allegation that the petitioner believed that said purchase was for the best interest of the trust and sought an order approving the purchase and declaring that said stock may become and now is a part of the corpus of the trust to be administered in accordance with the trust provisions.

The petitioner's cotrustee and remaining beneficiaries, except one, denied the existence of any agreement whereby they agreed that the shares were to become a part of the trust corpus, and in this regard affirmatively alleged that the agreement was that petitioner was to purchase the shares for them in their own names.

The trial court found that petitioner purchased the stock as agent for the beneficiaries and that each was the owner of one-fifth of the stock so purchased and entitled to have the

same transferred to his name upon the books of said corporation and certificates issue therefor. Judgment was accordingly entered on November 14, 1947. On November 25, 1947, petitioner filed a notice of intention to move for a new trial, which was denied on December 31, 1947, and on January 28, 1948, he filed his notice of appeal.

Although the numerous contentions raised by appellant are interestingly and ably argued, this court has no jurisdiction to consider the appeal on its merits.

From our examination of the record it would appear that appellant's petition for confirmation of the stock purchase was filed under the provisions of section 1120 of the Probate Code. The court was thus called upon to exercise special and limited probate jurisdiction as distinguished from its general law and equity jurisdiction. (*Estate of Smead,* 12 Cal.2d 20 [82 P.2d 182]; *Estate of McLellan,* 8 Cal.2d 49, 55-6 [63 P.2d 1120].)

Probate proceedings are strictly statutory and hence one who would invoke such special jurisdiction must follow the applicable code provisions. Under the provisions of section 1231 of the Probate Code a motion for a new trial in probate proceedings "can be made only in cases of contests of wills, either before or after probate, in proceedings to determine heirship and interests in estates, and in those cases where the issues of fact, of which a new trial is sought, were of such character as to entitle the parties to have them tried by a jury, whether or not they were so tried." It is readily apparent that the present proceeding is neither a proceeding to determine heirship or the interest of the parties in the trust estate nor is it one where the issues of fact are of such character as to enable the parties to have it tried by a jury. It follows that since said section provides the only authority for granting new trials in probate proceedings the motion for a new trial was without the jurisdiction of the trial court (*Estate of Van Deusen,* 30 Cal.2d 285 [182 P.2d 565]) and hence "invalid" as that term is used in rule 3(a) of Rules on Appeal. (*Lynch* v. *Watson,* 69 Cal.App.2d 51 [158 P.2d 250].)

From our examination of section 1240 of the Probate Code we have concluded that the order of the trial court entered pursuant to said petition was one from which an appeal could be taken, nevertheless as appellant's motion for a new trial was not, as we have stated, a "valid notice of intention to move for a new trial" the time within which appellant

could file his notice of appeal was not extended for "30 days after denial of the motion" by the trial court under the provisions of rule 3(a) of Rules on Appeal. Therefore as said notice of appeal was not filed within "60 days from the date of entry of the judgment" as provided in rule 2(a) of said rules there was a fatal lack of jurisdiction and consequently the appeal must be dismissed. (*Lynch* v. *Watson, supra.*)

The appeal is dismissed.

Adams, P. J., and Thompson, J., concurred.