[Civ. No. 14787. First Dist., Div. One. Oct. 31, 1951.]

A. F. LEVY, Appellant, v. JOHN H. BRILL, Respondent.

A. F. Levy, in pro. per., for Appellant.

John H. Brill, in pro. per., for Respondent.

BRAY, J.—On September 2, 1947, defendant's demurrer to the complaint was sustained, 10 days to amend. September 15th, plaintiff filed a motion that "a final adjudication" be entered "so the controversy may continue in a higher court." This motion was denied the same day. Plaintiff having failed to amend his complaint, a judgment for costs in favor of defendant was entered October 16th. Nothing further occurred until June 24, 1950, when plaintiff filed a "Motion to Reinstate Action" and "to restore proceedings" on the grounds

"that they appear irregular on their face." (In what respect does not appear.) This motion was denied June 28.* Plaintiff in propria persona appeals from the order denying this motion and purports to appeal from the judgment for costs entered more than two and a half years theretofore.

Obviously, plaintiff did not appeal from the judgment in the time prescribed by law. (See Rules on Appeal, rules 2 and 3.) ■ To entitle one to appeal he must conform to the procedure provided for appeals. (*Jackson* v. *Jackson*, 71 Cal.App.2d 837 [163 P.2d 780].) ■ The appeal not being in time, there is a fatal lack of jurisdiction in this court to consider it. (*Estate of Raahauge*, 91 Cal.App.2d 615 [205 P.2d 1122].)

■ As the order denying the "Motion to Reinstate Action" is a "special order made after final judgment" (Code Civ. Proc., § 963, subd. 2), an appeal lies from the order. ■ However, the trial court properly denied such motion. There is no such proceeding as a motion after judgment to reinstate the action and restore proceedings known to our law. In *Fisch & Co., Ltd.* v. *Superior Court*, 6 Cal.App.2d 21, 23 [43 P.2d 855], the court sets forth the only recognized methods of attacking a judgment in the trial court, saying: "A judgment can be nullified by the court which rendered it only (1) on motion for a new trial, (2) by a motion under the provisions of section 473 of the Code of Civil Procedure, where application is made to set it aside within six months, (3) by motion therefor at any time where the judgment is void on its face, or (4) by an independent suit in equity, where the judgment is regular on its face but extrinsically void for want of jurisdiction or by reason of fraud or mistake." The proceeding attempted here is not included within any of the above methods.

The purported appeal from the judgment is dismissed; the order appealed from is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

---

*The record giving this date as *July* 28 is obviously erroneous, as the appeal from it was filed July 13.