[Civ. No. 21804. Second Dist., Div. Three. Dec. 3, 1956.]

Estate of MYRTLE F. WELCH, Deceased. LE ROY THOMAS, Respondent, v. ARTHUR A. FAIRCHILD, Appellant.

Kenneth M. Liskum and Roger J. Pryor for Appellant.

Le Roy Thomas, in pro. per., for Respondent.

VALLÉE, J.—Appeal by Arthur A. Fairchild, executor of the will of Myrtle F. Welch, from an order allowing Le Roy Thomas fees for extraordinary services as attorney for the executor.

Without making a formal motion, respondent suggests that this court is without jurisdiction of the appeal and that it must be dismissed. We agree.

On October 31, 1955, the probate court signed and filed an order reading:

"It is hereby ordered by the Court that the sum of $750.00 is allowed to said Le Roy Thomas, one of the attorney's for Arthur A. Fairchild, the sole beneficiary of the estate herein, for services rendered to said estate in the contest of the Will

herein; and Arthur A. Fairchild, the executor herein, is ordered and directed to pay forthwith the said sum of $750.00 to Le Roy Thomas out of the funds of said estate in his hands, in the due course of administration thereof.''

The contest was before probate. Notice of the signing and filing of the order was served on appellant on November 9, 1955. On November 18, 1955, appellant filed a notice of intention to move for a new trial. On January 11, 1956, the motion was denied. Notice of appeal from the order of October 31, 1955 was filed on January 31, 1956.

█ A motion for a new trial did not lie from the order of October 31, 1955. Probate Code, section 1231, specifies the probate proceedings in which a motion for a new trial may be made. It reads:

''A motion for a new trial in probate proceedings can be made only in cases of contests of wills, either before or after probate, in proceedings to determine heirship and interests in estates, and in those cases where the issues of fact, of which a new trial is sought, were of such character as to entitle the parties to have them tried by a jury, whether or not they were so tried.''

A proceeding for the allowance of attorney's fees for extraordinary services claimed to be performed for an executor is not one of the proceedings specified. (See *Estate of Bell,* 58 Cal.App.2d 333, 338 [136 P.2d 804].) The procedure allowed by the Code of Civil Procedure on motion for a new trial in civil actions may not be applied to such a proceeding. In *Estate of England,* 214 Cal. 298 [5 P.2d 428], the court stated (p. 299):

''The sole question is whether or not the procedure allowed on motion for new trial in civil actions may properly be applied to a judgment or order for the settlement of the final an issue, by written objections solely to certain items of attorney's fees claimed by the administrator for ordinary and account of an administrator where an heir at law has presented extraordinary services of his attorney.''

The court ruled that the procedure allowed on motion for new trial in civil actions could not be applied to that order and continued (p. 300):

''This case arises from the following facts: In the above-entitled estate, the administrator, as public administrator, on January 23, 1923, presented to the court his second and final account and supplement thereto and his petition for distribution containing a number of items, including an item for regu-

lar attorney's fees of $739 and several items for extraordinary services aggregating $3,500 and he prayed for allowance of these items. Thereafter one James N. Elkins, an heir at law of said decedent, contested said items of said account largely upon the ground that under the charter of Los Angeles County, the county counsel should act as attorney for the public administrator and collect the fees allowed by law for such services and turn them into the county treasury. The court on the hearing disallowed all said items of attorney's fees, settled the account and ordered the estate distributed accordingly. No appeal was taken from this order. On January 27, 1930, the public administrator filed what was termed a notice of intention to move for a new trial on all the ordinary grounds mentioned in section 657 of the Code of Civil Procedure. Motion for a new trial followed, which on the fourth day of March, 1930, the court purported to grant upon the ground that the evidence did not support the judgment. This was followed by another final settlement of the account and distribution, which order allowed the items of attorney's fees above referred to whereupon said heir at law filed in this court this petition for writ of review. The writ issued. A return thereto was made, setting out substantially the facts above disclosed.

"Manifestly if the procedure in civil cases on motion for new trial is inapplicable, both the purported order granting the new trial and the additional order allowing the items theretofore rejected are beyond the jurisdiction of the court. (*Diamond* v. *Superior Court,* 189 Cal. 732, 740 [210 P. 36]; *Stanton* v. *Superior Court,* 202 Cal. 478 [261 P. 1001].)

"It follows that said orders granting the motion for new trial and the order which followed it are annulled."

(Also see *Estate of Smead,* 12 Cal.2d 20, 24-25 [82 P.2d 182]; *Estate of Van Deusen,* 30 Cal.2d 285, 290-292 [182 P.2d 565].) Thus the court was without jurisdiction to entertain the motion for a new trial. Apparently the probate judge was of that mind, for the executor has also appealed from an order which he says reads: "Objections to Motion for New Trial—Objections Sustained."

■ An appeal from an order such as that at bar must be taken by filing a notice of appeal within 60 days from the date of entry of the order. (Rules on Appeal, rules 2 (a) and (b).) ■ The filing of a signed order in a probate proceeding is equivalent to an entry at length in the minute book of the court . (Prob. Code, § 1221; *Estate of Hanley,* 23 Cal.

2d 120, 122 [142 P.2d 423, 149 A.L.R. 1250]; *Estate of Tierney,* 63 Cal.App.2d 295, 301 [146 P.2d 400].) ▮ It is only when a *valid* notice of intention to move for a new trial is served and filed within 60 days after entry of the order that the time for filing the notice of appeal from the order is extended until 30 days after either entry of the order denying the motion or denial thereof by operation of law. (Rules on Appeal, rule 3 (a).) ▮ The requirement as to the time for taking an appeal is mandatory, and a reviewing court is without jurisdiction to consider an appeal which has been taken after the expiration of the statutory period. (*Estate of Hanley,* 23 Cal.2d 120, 122-123 [142 P.2d 423, 149 A.L.R. 1250].)

Appellant's notice of intention to move for a new trial was not a "valid" one. The filing of the notice did not operate to extend the time for filing the notice of appeal since a motion for a new trial does not lie to secure a reexamination of an order allowing respondent attorney's fees. (*Estate of Raahauge,* 91 Cal.App.2d 615, 617 [205 P.2d 1122]; *Lynch v. Watson,* 69 Cal.App.2d 51, 52-53 [158 P.2d 250].)

The order appealed from was entered October 31, 1955. The notice of appeal was filed January 31, 1956, 92 days after entry of the order. Since the appeal was not taken within 60 days from the entry of the order it was not timely; this court is without jurisdiction to consider the case on the merits and the appeal must be dismissed. (*Estate of Tierney,* 63 Cal.App.2d 295, 301 [146 P.2d 400].)

Appeal dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied December 27, 1956, and appellant's petition for a hearing by the Supreme Court was denied January 30, 1957.