[Civ. No. 17833. First Dist., Div. Two. Aug. 6, 1958.]

EMIL FRITZ, Respondent, v. LOUISE FOOTE, Appellant.

Leon H. Sorell for Appellant.

William E. Ferriter for Respondent.

DRAPER, J.—Defendant appeals from a judgment declaring that a parcel of real property is owned by defendant, plaintiff, and another, each having an undivided one-third interest. By supplemental briefs filed at the court's request, the parties have argued the question of the timeliness of the notice of appeal.

Since the notice was filed more than 60 days after entry of judgment, it was too late (Rules on Appeal, rule 2), unless the time was extended by the filing of a *valid* notice of intention to move for a new trial (rule 2(a)). To be "valid" within the meaning of that rule, the notice of intention must itself be filed in time (*Kientz* v. *Harris,* 117 Cal. App.2d 787, 789 [257 P.2d 41]; *King* v. *Wilson,* 101 Cal. App.2d 242 [225 P.2d 270]), that is, within 10 days after receipt of written notice of entry of judgment (Code Civ. Proc., § 659). Here the certificate of mailing shows that notice of entry of judgment was mailed in San Francisco December 27, 1956, in an envelope addressed to appellant's counsel at his San Francisco office. This is adequate proof of

service (Code Civ. Proc., § 1013a, subd. (2)), and shows that appellant's time to institute new trial proceedings began to run December 28 (Code Civ. Proc., § 1013). Since that day was not a holiday, it must also be deemed the day on which appellant received the notice of entry. (*Labarthe* v. *McRae,* 35 Cal.App.2d 734 [97 P.2d 251].) But the notice of intention to move for new trial was not filed until January 8, 1957, one day beyond the period allowed.

█ Appellant seeks to discredit the certificate of mailing by pointing out that the single certificate recites the mailing of both the notice of entry of judgment and the costs bill. The latter document bears notary's jurat dated December 28. Appellant argues that the costs bill, sworn to on the 28th, could not have been mailed the day before, and thus that the notice of entry must also be deemed mailed a day later than shown by the certificate of mailing. We do not agree. It is equally possible that copy of the costs bill, original of which was not filed until December 31, was mailed before it was sworn to. █ No affidavit or other evidence of receipt of the notice of entry on a date later than December 28 is before us. In the absence of some such affirmative proof, we cannot disregard the presumption that notice of entry was received December 28 (Code Civ. Proc., § 1963, subd. 24).

█ Timely filing of the notice of appeal is jurisdictional (*Estate of Welch,* 146 Cal.App.2d 534, 538 [304 P.2d 57]; *Levy* v. *Brill,* 107 Cal.App.2d 204, 205 [236 P.2d 603]), and a late filing requires the court, of its own motion, to dismiss the appeal (*Estate of Hanley,* 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250]; *Estate of Brewer,* 156 Cal. 89, 90 [103 P. 486]).

We are aware of the policy of the law favoring the hearing of appeals on the merits. (*Manning* v. *Gavin,* 14 Cal.2d 44, 46-47 [92 P.2d 795].) Review of the record here, however, shows that each party and the third person involved testified that each was entitled to a one-third interest in the property here in issue. Even if the case were reversed for defects of pleadings and findings, it is difficult to see how a different ultimate result could be reached in the light of these admissions. Appellant's basic concern appears to be an accounting as to two other parcels, her right to which is not barred by the judgment in the present action.

Appeal dismissed.

Kaufman, P. J., and Dooling, J., concurred.