[Civ. No. 7507. Fourth Dist. Dec. 18, 1963.]

ARTHUR STEGMANN, Plaintiff, Cross-defendant and Appellant, v. WOODROW W. HOLDER et al., Defendants and Appellants; FLOYD DEAN, Defendant, Cross-complainant and Appellant.

Harwood, Heffernan, Soden & Corfman and Mark A. Soden for Plaintiff, Cross-defendant and Appellant.

Rod Earl Lippold, Fred M. Cross and Christopher Hall for Defendants and Appellants.

No appearance for Defendant, Cross-complainant and Appellant.

GRIFFIN, P. J. — Plaintiff, respondent, appellant and cross-defendant Arthur Stegmann (hereinafter referred to as plaintiff) and his wife brought an action against defendant The Dinnerhorn Corporation, defendants, appellants and cross-appellants Woodrow W. Holder and Betty Bob Holder, and defendant, appellant, cross-appellant and cross-complainant Floyd Dean (hereinafter referred to as defendants) for damages for conversion of certain restaurant fixtures and for damages (assault and battery) on behalf of plaintiff as a result of an injury sustained by him. A jury trial resulted in a verdict for plaintiff against defendants Floyd Dean, Woodrow W. Holder and "Betty Bob, Inc."*

---

*Betty Bob Holder is named as defendant in the title. The verdict was against "Betty Bob, Inc." The record does not disclose the reason for this.

for $100,367.18 for assault and battery, and in the sum of $49,000 against defendants Floyd Dean, Woodrow W. Holder and "Betty Bob, Inc."* for conversion of the furniture and fixtures. Defendant Dean filed a cross-complaint against plaintiff for damages for assault and battery. The result of the verdict on this cross-complaint, if any, is not indicated in the record. Notice of entry of judgment was served on June 4, 1963, and notice of intention to move for new trial was filed on June 11, 1963. Motion for new trial was made on behalf of defendants on July 31, 1963. The court, on July 31, 1963, granted the new trial on the count pertaining to assault and battery and denied the motion as to the count for conversion. A minute order was made and entered in the permanent minutes of July 31, 1963 to this effect: "The motion . . . for a new trial is granted on the issue of the assault and battery count on the grounds of errors of law and insufficiency of the evidence to justify the verdict. The motion is denied as to the second cause of action for conversion. The judgment on the verdict will stand as to said count. Counsel for defendants will prepare the written order." It should be here noted that rule 2(b)(2) of the California Rules of Court provides that a written order be "prepared, *signed* and *filed*."

On August 2, 1963, the following written order was *signed*. It was *filed* on August 5, 1963, and reads in part: "1. The motion is hereby granted as to the cause of action for assault and battery. The order as to said cause of action is based upon the ground, among others, that the evidence was insufficient to justify the verdict. "2. The motion is hereby denied as to the cause of action for conversion. "3. One of the purposes of this formal order is to satisfy the requirements of the last paragraph of section 657 of the Code of Civil Procedure (i.e., to specify that one of the grounds for the granting of the new trial that the evidence was insufficient to justify the verdict). Otherwise this formal order shall not supersede any minute order entered herein."

On September 4, 1963, defendants filed a notice of appeal: " . . . from the Judgment heretofore entered herein, and the whole thereof, and from the Order filed herein, granting a new trial, the portion thereof which fails to grant a new trial on the count for conversion, and the portion which fails to

*See footnote on page 552.

grant all of the relief prayed for in the Motion for a New Trial.''

On September 23, 1963, plaintiff filed a notice of appeal from that portion of the order filed herein granting a new trial on the issue of assault and battery.

On October 24, 1963, plaintiff moved this court for an order dismissing the appeal of defendants and for an order staying preparation of the record. The motion is based on the claim that defendants' notice of appeal was not timely filed, in that it was filed 35 days after the date of entry of the court's minute order and ruling on the motion for a new trial.

A timely notice of appeal is essential to appellate jurisdiction. (*Levy* v. *Brill*, 107 Cal.App.2d 204 [236 P.2d 603].)

Code of Civil Procedure, section 660 (as amended, Stats. 1959, ch. 468, p. 2403, § 1) provides in part: ''A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and *filed* with the clerk. The entry of the new trial order in the permanent minutes of the court shall constitute a determination of the motion *even though such minute order as entered expressly directs that a written order be prepared, signed and filed.*'' (Italics ours.) It therefore appears that if this provision of the law is in force and effect (see discussion vol. 1, Cal. Law Revision Commission Reports, Recommendations and Studies (1957) p. K-9; and Code Civ. Proc., § 961, in reference to rules adopted in the Judicial Council being in conflict with laws later passed by the Legislature; see also Cal. Rules of Court, rule 2(b)(2)) more than 34 days expired from the date of the minute order duly entered on July 31, 1963 to the time of filing the notice of appeal on September 4, 1963; the filing of the notice of appeal from the judgment was too late. (Cal. Rules of Court, rule 3(a).)

Rule 2(a) of the California Rules of Court provides that the notice of appeal shall be filed within 60 days from the date of entry of the judgment, unless the time is extended under rule 3 [not rule 2(b)(2)]. Rule 2(b)(1) of the California Rules of Court provides that the date of entry of the judgment shall be the date of its entry in the judgment book. Rule 2(b)(2) provides that the date of entry of an *appealable order* which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute

order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of *filing* of the signed order. Under rule 3(a) : ''When a valid notice of intention to move for a new trial is served and filed by any party, (1) if the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law; ...'' The judgment was entered on May 31, 1963. Without the extension provided by rule 3, the time for an appeal from the judgment would expire 60 days thereafter, or on July 31, 1963, in which case the notice of appeal being filed on September 4, 1963 would be too late. The only provision of the rules which would or could possibly breathe life into the notice of appeal from the judgment would be rule 2(b)(2), stating that the permanent minute order did not constitute the beginning of the time within which the notice of appeal should be filed, but the time commenced to run from the date of filing of the signed order on August 5, 1963, as provided under rule 2(b)(2). ██ It appears to us that rules 2(a), 2(b)(1), and rule 3 apply to appeals from already duly prepared and entered judgments and that rule 2(b)(2) applies to *appealable orders* entered in the permanent minutes and it provides in that rule the exception regarding a subsequent signed order pertaining to such appealable orders and it does not apply to prepared judgments already entered. In *Verdier* v. *Verdier*, 118 Cal. App.2d 279 [257 P.2d 723], it was held that with regard to dates of entry, rule 2(b)(2) of the Rules on Appeal applies only to orders, whereas rule 2(b)(1) applies to a judgment. (See also *Pessarra* v. *Pessarra*, 80 Cal.App.2d 965 [183 P.2d 279], and 3 Witkin, Cal. Procedure, § 32A [1961 Supp. p. 85].) Accordingly, the entry of the minute order on July 31, 1963, denying the motion for new trial, started the time in which the notice of appeal from the judgment should commence. (*Brice* v. *Department of Alcoholic Beverage Control*, 153 Cal.App.2d 315 [314 P.2d 807]; *Herrscher* v. *Herrscher*, 41 Cal.2d 300 [259 P.2d 901].) It is to be further noted that the signed order of the court of its ruling on the motion for new trial filed August 5, 1963, stated that one of the purposes of the formal order was to satisfy the requirements pertaining to a specification of insufficiency of the evidence to justify the verdict. The original minute order al-

ready made such specification. The court then concluded with this statement: "Otherwise this formal order shall not supersede any minute order entered herein." Apparently the trial judge intended thereby that the time for appeal commenced to run from the date of the minute entry of the order. Under these circumstances, the attempted appeal from the judgment was too late.

It is then argued by defendants that there can be but one judgment in a single action, particularly where the issues presented in the two counts are between the same parties and are not severable; that allowing one judgment for conversion to stand and contemplating a new trial on the assault and battery issue, another judgment would be rendered and there would be two distinct and separate judgments in this case, which would be contrary to the holding in *Bank of America* v. *Superior Court*, 20 Cal.2d 697, 701 [128 P.2d 357], and *Nolan* v. *Smith*, 137 Cal. 360 [70 P. 166].

It is within the trial court's power to order a new trial on only one issue in a case where the issues are distinct and severable. Such an order will not be reversed in the absence of a showing of an abuse of discretion. (*Garcia* v. *San Gabriel Ready Mixt*, 173 Cal.App.2d 355 [343 P.2d 327].)

The record is not yet before us, and whether the causes of action are distinct and severable may be open to question. One of the attorneys for plaintiffs claims that the evidence shows that plaintiffs were the owners of certain chattels (restaurant and bar equipment) brought upon the real property; that they became fixtures and that plaintiff and his wife became the owners thereof by virtue of a foreclosure of a trust deed; that on the date of sale, plaintiff went to the restaurant to lock the doors; that at that time he and one of the employees of Betty Bob, Inc., engaged in an altercation and plaintiff received grievous injuries. Defendants claim that the issues upon the battery count and the conversion count are not severable and accordingly the judgment rendered on the conversion count was only suspended and was not appealable until the final judgment was rendered in the case on all counts.

Since we have concluded that the notice of appeal from the judgment was filed too late and was ineffective to review this judgment, we will not make a determination of its validity. The question may again be presented on an appeal from the order granting a partial new trial on the count pertaining to

the assault and battery and denying it on the conversion count.

At first blush, it would appear that plaintiff could not appeal from this order, since it was in defendants' favor in respect to the assault and battery count. But, under the form of the notice of appeal, defendants claim the court should have granted the motion for new trial as to both counts for the reasons stated and accordingly defendants would be aggrieved. *Spencer* v. *Nelson*, 30 Cal.2d 162 [180 P.2d 886], is directly in point on the question. There, it was held that a party who is granted a new trial on only one of several issues has a right to appeal from the order where he is aggrieved by the limitation of the new trial to a single issue which, he asserts, is not severable from the other issues. Defendants here assert and contend that the issues here are not severable, that the appeal from this order was in time and therefore should not be dismissed.

Appeal from the judgment dismissed. Motion to dismiss appeal from order granting limited new trial denied.

Coughlin, J., and Brown (Gerald), J., concurred.