Filed 2/3/15  Nat. City Mortgage v. Dorrin CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NATIONAL CITY MORTGAGE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTHUR DORRIN,<br><br>    Defendant and Appellant. | D066477<br><br>(Super. Ct. No. RIC531351) |

APPEAL from an order of the Superior Court of Riverside County, Daniel A. Ottolia, Judge.  Affirmed in part and dismissed in part.

Arthur Dorrin, in pro. per., for Defendant and Appellant.

Chuck Birkett Tsoong, Stephen C. Chuck, Tiffany M. Birkett and Victoria J. Tsoong for Plaintiff and Respondent.

Defendant Arthur Dorrin obtained a loan from National City Mortgage, a division of National City Bank of Indiana (NCM), and secured the loan with a deed of trust in favor of NCM encumbering certain real property.  Approximately two years later, Dorrin stopped making payments on the loan, and in July 2009 NCM filed this action seeking,

among other things, a declaration that its lien interest was superior to the potential claims of a number of others who purportedly obtained some interest in the real property, and for judicial foreclosure of its deed of trust. After granting NCM's motion for summary judgment, the court entered judgment in favor of NCM on January 14, 2013, and NCM served Dorrin with a notice of entry of judgment on January 15, 2013.

Dorrin did not immediately appeal from the January 2013 judgment. Instead, in February 2013, Dorrin filed a motion to vacate the judgment under Code of Civil Procedure[1] section 473, subdivision (d), asserting the judgment was void because NCM had ceased to exist before its action had been commenced, and therefore the court did not have jurisdiction over the parties. On May 20, 2013, the court entered an order denying Dorrin's motion, and on June 3, 2013, Dorrin filed his notice of appeal.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. Facts

The relevant facts are largely undisputed. In 2001, Dorrin acquired certain real property (the property) located in Riverside County. In early 2006, Dorrin obtained a loan from, and signed a promissory note (the Note) in favor of, NCM. In early 2007, Dorrin executed a loan modification agreement that, among other things, modified the

_____

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise noted.

2

payment terms of the Note, and reflected that the obligee on the Note was National City Mortgage, a subsidiary of National City Bank.

As security for the Note, Dorrin signed a deed of trust (DOT) in favor of NCM encumbering the property. The DOT included a power of sale clause permitting the lender to sell the property in the event of an uncured default. By early 2008, Dorrin was in default because he had had stopped making payments on the Note.

In May 2008 a notice of default and election to sell under the DOT was recorded, and in August 2008 a notice of trustee's sale under the DOT was recorded. However, the trustee was unable to proceed with the nonjudicial foreclosure because a series of deeds, which NCM's subsequent lawsuit asserted were "wild" deeds that should be canceled,[2] raised issues about whether Dorrin owned the property at the time the loan was made and the DOT was recorded.

B. The Lawsuit and Summary Judgment Motion

NCM filed this action seeking a judgment declaring its claim to title in the property under the DOT was superior to any conflicting claims to title created by the wild deeds, and seeking judicial foreclosure under the DOT. NCM subsequently moved for summary judgment. NCM's showing apparently established that, at the time of the loan and recordation of the DOT, Dorrin owned the property, and Dorrin did not dispute that

_____

[2] NCM learned deeds had been recorded in September 2003 purporting to transfer title to the property from a Ms. Allen to Capo's Construction, Inc., and another deed recorded in 2011 purporting to transfer title to the property from Capo's Construction, Inc., to a Ms. Delabar, and NCM asserted (and Dorrin conceded) those deeds were invalid.

he was in default under the loan or that the DOT was superior to the claims to title created by the wild deeds. Instead, Dorrin apparently opposed the motion for summary judgment principally because he claimed NCM was not the real party in interest entitled to prosecute the claims for declaratory relief and judicial foreclosure.

The trial court granted NCM's motion for summary judgment, finding there was no triable issue of material fact that (1) Dorrin was the sole owner of the property as of the date the DOT recorded, (2) NCM's DOT was valid, enforceable and in first and senior position against the property, and (3) the Allen deed was a wild deed and therefore the Allen deed and its progeny were void and should be set aside and canceled. The court entered judgment in favor of NCM on January 14, 2013, !Ct 515-518)! and NCM served Dorrin with a notice of entry of judgment on January 15, 2013. Dorrin did not file a notice of appeal from that judgment prior to March 15, 2013.

C. The Motion to Vacate the Judgment

On February 26, 2013, Dorrin filed a motion to vacate the judgment.[3] He asserted relief was properly available under section 473, subdivision (d), because Dorrin had just discovered a document from the Secretary of State of Ohio showing that, as of October 1,

---

[3] Shortly after judgment was entered, Dorrin also filed a motion for new trial, asserting there was insufficient evidence to support the determination that NCM was the real party in interest entitled to prosecute the action, because he had presented evidence that NCM "had effectively been merged out of existence" before the lawsuit had been filed. NCM opposed the motion, asserting it had demonstrated National City Bank, doing business as NCM, was the entity that had entered into the loan transaction and PNC Mortgage was the successor by merger to National City Bank. On March 11, 2013, the court denied Dorrin's motion for new trial, and NCM served notice of that ruling on March 12, 2013.

2008, an entity known as National City Mortgage Co. had "merged out of existence." Dorrin contended this rendered the judgment void and permitted him to collaterally attack the judgment.

NCM opposed the motion, arguing the power under section 473, subdivision (d), to set aside as void a judgment is limited to cases in which the court lacked personal or subject matter jurisdiction, or granted relief the court had no power to grant and the error appears on the face of the record without resort to extrinsic evidence. NCM argued that because Dorrin's motion to vacate was not limited to the face of the record, but instead hinged on extrinsic evidence, the motion was simply a disguised motion for reconsideration that was both untimely and procedurally deficient.

The court denied Dorrin's motion to vacate the judgment, and entered its order on May 20, 2013. On June 3, 2013, Dorrin filed a notice of appeal from the order denying his motion to vacate the judgment, and also purported to appeal from the January 14, 2013, judgment in favor of NCM.

II

ANALYSIS

A. The Purported Appeal from the January 14, 2013, Judgment Is Untimely

Dorrin purports to appeal from the January 14, 2013, judgment, and devotes a substantial part of his opening brief to arguing summary judgment was improper because triable issues of fact existed on whether the present action had been prosecuted by the real party in interest. Dorrin claims on appeal that it was disputed whether the named plaintiff in the action--National City Mortgage, a division of National City Bank of

5

Indiana--had ceased to exist by reason of a merger occurring before the present lawsuit was filed.[4]

A notice of appeal must be filed within 60 days after a party's service of notice of the entry of judgment. (Cal. Rules of Court, rule 8.104(a)(2).) Because NCM served a notice of the entry of the court's January 14, 2013, judgment on January 17, 2013, the deadline for filing a notice of appeal from the summary judgment expired on March 17, 2013, several months before Dorrin filed his notice of appeal. Unless the deadline was extended, Dorrin's notice of appeal from the January 14, 2013, judgment was untimely and requires dismissal of that appeal. (*Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1107 [" 'Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional,' and an appellate court therefore must dismiss an appeal that is untimely."]; *Van Buerden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal."].)

The time for filing a notice of appeal can be extended when the appellant has filed "a valid notice of intention to move--or a valid motion--to vacate the judgment . . . ."

---

4    Dorrin does not dispute that a merger *after* the lawsuit was filed would not support a dismissal of the filed action because the acquiring company would be allowed to continue to prosecute the action in the name of the original party. (See, e.g., *Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52 Cal.4th 499, 506, fn. 1 ["As Duke's successor in interest, Dynegy is entitled to continue the action in Duke's name [citations] [without] substitut[ing] itself as a formally named party [citations]."]; Corp. Code, § 1107, subd. (d).)

(Cal. Rules of Court, rule 8.108(c).) "A 'valid' motion to vacate, for purposes of extending time for filing a notice of appeal, means 'a motion based on some *recognized grounds* for vacation: it cannot be stretched to include any motion, regardless of the basis for it.' " (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574 (*Payne*).) Here, although Dorrin purported to *style* his February 26, 2013, motion to vacate as a motion under section 473, subdivision (d), the substantive parameters for a motion to vacate under that section (as discussed below) are extremely limited and Dorrin's motion made no effort to remain within those limited parameters. Instead, Dorrin's motion to vacate (1) relied on newly discovered evidence, and was substantively a motion for new trial based on newly discovered evidence (§ 657, subd. (4)) but would have been *invalid* had it been styled as a motion for new trial[5]; (2) argued there was insufficient evidence to warrant the finding that NCM was an existing entity entitled to pursue the action, and was substantively a motion to vacate under section 663, subdivision (1) but would have been *invalid* as untimely[6]; and (3) appears to constitute an effort to reargue the same contentions he

---

[5]     Dorrin filed his motion to vacate on February 26, 2013, more than 15 days after he was served with the notice of entry of judgment, the time limit prescribed by section 659, subdivision (a)(2), for a *valid* motion for new trial. "A notice of intention filed after the allowed time is invalid and does not extend the time for filing a notice of appeal from the judgment beyond the normal 60 days." (*In re Marriage of Patscheck* (1986) 180 Cal.App.3d 800, 802.)

[6]     Section 663, subdivision (1), authorizes a party to move to set aside and vacate a judgment when the party shows there was an "[i]ncorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts . . . ." However, that motion must be filed within 15 days of the date of service upon him of written notice of entry of judgment (§ 663a, subd. (a)(2)), and hence Dorrin's motion would have been untimely if styled as a motion for relief under section 663.

interposed in opposition to the motion for summary judgment and hence constituted a motion for reconsideration, which was *invalid* as both untimely and procedurally deficient.[7]

Dorrin cites *Estate of Lacy* (1975) 54 Cal.App.3d 172 for the proposition that the time for appeal is extended when a motion to vacate is brought on *any* ground. However, *Lacy* stated that the rule extending the time to appeal the underlying judgment "applies to any *valid* notice of intention to move to vacate a judgment" (*id.* at p. 177, italics added), and is therefore consistent with the court's observations in *Payne, supra*, 167 Cal.App.4th at pages 1575 to 1576, that "rule 8.108 strictly provides that the time to appeal may be extended only upon the filing of *valid* motions to vacate, for reconsideration, for new trial and for judgment notwithstanding the verdict. [Citation.] As the Advisory Committee comment to this rule states: '[T]he word "valid" means . . . that the motion or notice complies with *all procedural requirements* . . . .' [Citation, italics added by *Payne*.] Were we to begin saving untimely appeals by allowing procedurally invalid posttrial motions to be deemed entirely different motions, we would be subverting the carefully drawn jurisdictional scheme. Such mischief is strictly forbidden. 'In the absence of

---

7    A motion for reconsideration under section 1008 must be made within 10 days after service of written notice of entry of the order (§ 1008, subd. (a)), and Dorrin's February 26, 2013, motion to vacate would have been *invalid* if styled as a motion for reconsideration because it was filed almost 40 days after NCM served its notice of entry of judgment. Moreover, a trial court has no jurisdiction to reconsider a prior order on the basis of new or different facts absent a satisfactory explanation for the failure to present them earlier (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 685-690), and Dorrin's motion contained no explanation excusing his failure to interpose the new facts at an earlier date.

statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune . . . .' " Because Dorrin's February 26, 2013, motion to vacate the judgment *substantively* sought to vacate the judgment on grounds that were procedurally time-barred, we reject Dorrin's argument that the label he affixed to his motion permits us to deem it an "entirely different motion[]" (*Payne,* at p. 1576) to save his otherwise untimely appeal from the underlying judgment. Accordingly, we must dismiss Dorrin's purported appeal from the underlying judgment and concomitantly do not consider any claims that the entry of summary judgment in favor of NCM was erroneous.

B. Dorrin's Appeal from the May 20, 2013, Order Is Timely But Unmeritorious

Although Dorrin's purported appeal from the underlying judgment is untimely, his notice of appeal also appealed the order denying his motion to vacate under the authority provided to a court by section 473, subdivision (d).[8] Because the notice of appeal was

---

[8] An order denying a motion made under section 473 to vacate a judgment is an appealable order as a special order made after final judgment within the meaning of section 904.1, subdivision (a)(2). (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394.) NCM, relying on *Payne, supra*, 167 Cal.App.4th at p. 1576, asserts that when the appeal from a motion to vacate raises only arguments that should have been interposed on a timely appeal from the underlying judgment, the motion to vacate should not be deemed an appealable order because "allow[ing] an appeal from the trial court's refusal to vacate its own ruling would, in effect, give [the appellant] two appeals from the same judgment." (*Ibid*.) However, we believe *Payne* conflated *whether* a postjudgment order denying a motion to vacate is appealable with what arguments are cognizable when an appellant challenges a postjudgment order denying a motion to vacate. Here, we have already concluded Dorrin's purported appeal from the underlying judgment should be dismissed, and therefore we will not consider any of Dorrin's arguments that entry of summary judgment in favor of NCM was erroneous, which obviates the concern of granting Dorrin's two appeals from the same

9

filed within 60 days of entry of the order denying that motion, that aspect of Dorrin's appeal is timely.

A motion to vacate a judgment under section 473, subdivision (d), is limited to "set[ting] aside any void judgment," and a trial court has no statutory power under section 473, subdivision (d), to set aside a judgment unless the judgment is void. (*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146.) However, there is a marked distinction between *void* judgments, which *are* subject to collateral attack under section 473, subdivision (d), and *voidable* judgments, which may only be attacked on direct appeal from the judgment. Our Supreme Court explained that distinction in *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56, in which it stated that "[a] court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable." Thus, a judgment "is void if the court lacked jurisdiction over the subject matter or parties, for example, if the defendant was not validly served with summons. [Citation.] In contrast, a judgment is valid but voidable if it is the result of the court's failure to follow proper procedure." (*Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86, 98.)

Because invocation of the court's authority under section 473, subdivision (d), is limited to setting aside void judgments (cf. *Manson, Iver & York v. Black* (2009) 176

_____

judgment. Instead, we will limit our evaluation to those arguments that may properly be asserted in a postjudgment collateral attack under section 473, subdivision (d), seeking to vacate an allegedly void judgment.

10

Cal.App.4th 36, 42-43), we examine what types of defects can—and cannot—render a judgment void and subject to collateral attack.[9] "A litigant may collaterally attack a final judgment for lack of personal or subject matter jurisdiction, or for granting relief that the court had no power to grant, but may not collaterally attack a final judgment for nonjurisdictional errors." (*Estate of Buck* (1994) 29 Cal.App.4th 1846, 1854.) " 'If a judgment, no matter how erroneous, is within the jurisdiction of the court, it can only be reviewed and corrected by one of the established methods of direct attack.' " (*People v. $6,500 U.S. Currency* (1989) 215 Cal.App.3d 1542, 1548.) Accordingly, "[t]he key question in the case at bench is whether the [alleged] error, appearing on the face of the judgment, [would render] the judgment void . . . as being beyond the jurisdiction of the court, and subject to collateral attack, or [would simply render] the judgment erroneous— not void—but within the jurisdiction of the court, and free from collateral attack." (*Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836, 844; see *Wells Fargo & Co.*

---

9       On appeal, Dorrin cites *Walker v. San Francisco Housing Authority* (2002) 100 Cal.App.4th 685, 692-693 as holding that a section 473 motion is a "direct" attack on the judgment and, from that predicate, cites *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249 for the proposition that on direct attack, " 'lack of jurisdiction may be shown by extrinsic evidence, i.e., evidence outside the judgment roll.' " However, *Walker* addressed a motion made under section 473, subdivision (*b*), (*Walker, at p. 687), and had no occasion to address whether a section 473, subdivision (*d*), motion is a "direct" attack on the judgment for which extrinsic evidence could be considered. The *Strathvale* court simply (and we believe erroneously) cited *Walker* for the proposition that *any* motion under section 473 is a "direct attack" (*Strathvale,* at p. 1249), that would permit extrinsic evidence to be considered, without recognition of the limited application of *Walker*. We conclude neither *Walker* nor *Strathvale* provides convincing authority for Dorrin's argument that a party seeking to vacate a judgment under section 473, subdivision (d), is entitled to introduce extrinsic evidence showing nonjurisdictional errors.

*v. City and County of San Francisco* (1944) 25 Cal.2d 37, 40 ["A mere erroneous decision . . . does not make the judgment void, if the court had jurisdiction of the subject matter and of the person of the defendant."].)

For the purpose of making a collateral attack on a final judgment, the term "jurisdiction" has been interpreted narrowly to include jurisdiction of the subject matter, personal jurisdiction over the parties, and adequate notice. (*Estate of Buck, supra,* 29 Cal.App.4th at pp. 1854-1856.) In *Buck,* the appellate court characterized these three elements as " 'fundamental jurisdiction.' " (*Id.* at p. 1854, fn. 7.) According to *Buck,* the reported cases in which courts have permitted a collateral attack based on factors other than a lack of fundamental jurisdiction have been limited to those in which the court entered a judgment *it had no power to grant*, as where the amount awarded in a default judgment exceeded the amount requested in the complaint or where a court granted prejudgment interest in a stipulated judgment that was contrary to statute and to a stipulation that supported the judgment. (*Buck,* at pp. 1855-1856.) As explained in *Molen v. Friedman* (1998) 64 Cal.App.4th 1149, "[a] collateral attack will lie only for a claim that the judgment is void on its face for lack of personal or subject matter jurisdiction or for the granting of relief which the court has no power to grant. [Citations.] . . . However, *a collateral attack will not lie for a claim that the judgment is not supported by substantial evidence* [citations]." (*Id.* at pp. 1156-1157, italics added.)

Here, Dorrin's claim of error as to the denial of his motion under section 473, subdivision (d), fails because he has not provided any authority to establish that the particular type of error he alleges rendered the underlying judgment void—i.e. the

12

determination in the underlying action that NCM was the real party in interest entitled to prosecute the present action—falls within any of the recognized grounds for allowing collateral attack on the judgment under section 473, subdivision (d). Indeed, because the motion under section 473, subdivision (d), is a collateral attack on the underlying judgment, our determination of whether the order is void on its face for lack of jurisdiction must be "limited to a consideration of matters which appear in the judgment roll or are admitted by the parties." (*Phelan v. Superior Court* (1950) 35 Cal.2d 363, 372-373; accord, *Harley v. Superior Court* (1964) 226 Cal.App.2d 432, 437 ["[T]o be attackable collaterally for lack of jurisdiction the judgment must be void on its face, and it is not void on its face unless the record affirmatively shows that the court was without jurisdiction to render the judgment [citations]. The record is the judgment-roll and upon collateral attack is the only evidence that can be considered in determining the question of jurisdiction. *Extrinsic evidence is wholly inadmissible, even though it might show that jurisdiction did not in fact exist* [citations]."].) Nothing on the face of the judgment roll demonstrates the court lacked jurisdiction over this action because NCM was not the real party in interest entitled to prosecute this action, and therefore Dorrin's claim under section 473, subdivision (d), does not have merit.

On appeal, Dorrin makes no claim the court that entered the judgment lacked subject matter jurisdiction or lacked in personam jurisdiction over Dorrin, or that Dorrin lacked notice, or that the court's judgment granted relief beyond the power vested in the trial court, which are the limited grounds upon which a party may seek relief under

section 473, subdivision (d).[10]  Instead, Dorrin argues there was some extrinsic evidence raising questions whether the action should have been filed in the name of some other real party in interest.  Although this claim could properly have been raised at any point *during* the underlying proceedings (see, e.g., *Tinsley v. Palo Alto Unified School Dist.* (1979) 91 Cal.App.3d  871, 883), Dorrin cites no authority holding a party may collaterally attack a judgment as void based on a claim that the action was not pursued by, and the judgment was not obtained in the name of, the real party in interest.

## DISPOSITION

The purported appeal from the judgment is dismissed.  The order denying the motion to vacate the judgment is affirmed.  NCM is entitled to costs on appeal.


McDONALD,  J.

WE CONCUR:

McCONNELL,  P. J.

HUFFMAN,  J.

---

[10]   Where, as here, an appellant does not support a point with pertinent citations of authority, we may treat the point as waived.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th  779, 784-785.)

14